## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### COURT FILE NO.: CV - _____

| | |
|---|---|
| Mark Genatempo and Cari Genatempo <br><br> Plaintiffs, <br> v. <br><br> Central Credit Services, Inc. and Ms. Wright <br> Defendants. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here in Pennsylvania.

3.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., as well as other state law tort claims.

### PARTIES

4.  Plaintiff Mark Genatempo (hereinafter "Mr. Genatempo") is a natural person who resides in the Town of Sellersville, County of Bucks, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Plaintiff Cari Genatempo (hereinafter "Mrs. Genatempo") is a natural person who resides in the Town of Sellersville, County of Bucks, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Central Credit Services, Inc., (hereinafter "CCS"), is upon information or belief  a business entity organized under the laws of the State of Florida with its headquarters located at 9550 Regency Square Boulevard, Suite 500, Jacksonville, Florida 32225.

7.      At all times relevant to this Complaint, Defendant CCS transacted business in the Eastern District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.      Defendant Ms. Wright (hereinafter "Wright") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).


## FACTUAL ALLEGATIONS

9.      Plaintiff Mark Genatempo allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely, a credit card debt with Wells Fargo Financial.

10.     Genatempo allegedly became delinquent on said account and unable to make his monthly payments due to circumstances beyond his control.

11.    In or around November or December 2006, Genatempo's Wells fargo account was assigned, placed, sold or transferred to CCS for collection.

12.    On or about December 6, 2006 CCS by and through its agent/employee Wright placed a call to the residence of Anthony and Venessa Genatempo. During the call, Wright asked to speak with Mark Genatempo. Wright was instructed that Mark Genatempo did not reside at the number called. Wright then instructed Vanessa Genatempo to advise Mark Genatempo to contact Central Credit Services at 1-800-704-5213 regarding a "potential legal matter."

13.    Vanessa Genatempo then inquired as to how CCS obtained her telephone number. Wright responded by instructing Vanessa, "when we start an investigation we pull everyone with the same last name or anyone associated the person we are investigating, from relatives back to old girlfriends."

14.    At no time during the December 6, 2006 call did Wright request contact information for Mark Genatempo.

15.    Defendants call to Anthony and Vanessa Genatempo on or about December 6, 2007 violated multiple and numerous provision of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692c(b), 1692d, 1692e, 1692e2, 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11) and 1692f amongst others.

16.    On or about December 7, 2007, Defendant CCS by and through its agent/employee contacted Plaintiff's residence via telephone. During the call Wright spoke with Cari Genatempo. Wright advised Mrs. Genatempo that legal action was being taken against her husband, Mark Genatempo by Wells Fargo for

breach of contract.   Wrights repeatedly advised Mrs. Genataempo that Wells Fargo was filing legal suit against Mark Genatempo for the full amount of the alleged debt.   Wright also stated that the Genatempos would also be responsible for court costs and fees added to the balance.

17.   In response to Wright's statements, Mrs. Genatempo asked why she or her husband had not received any documentation.   Wright responded that she did not have to send the Genatempo's anything.

18.   Defendants communication with Cari Genatempo on or about December 7, 2006 violated multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e2, 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11) and 1692f amongst others.

19.   To date Plaintiff have not received any written correspondence from Defendants in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), 1692e(11), 1692f and 1692g(a)(1)-(5).

20.   As a result of Defendants' false, deceptive, harassing and abusive telephone calls Genatempo has endured fear, stress, anger, frustration and humiliation.

## TRIAL BY JURY

21.   Plaintiffs are entitled to and hereby respectfully demand a trial by jury.   US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

22. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24. As a result of each and every Defendant's violations of the FDCPA, Plaintiffs have suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

### COUNT II.

### VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

### (FCEUA)

### 73 P.S. § 2270.1 et. seq.

### AND THE PENNSYLVANIA UNFAIR TRADE PRACTICE ES AND CONSUMER

### PROTECTION LAW (UTPCPL)

### 73 P.S. § 201-1 et. seq.

25.  Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.  Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

27.  Plaintiffs are  "consumer[s]" as defined by 73 P.S. § 2270.3 of the FCUEA.

28.  All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

29.  The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

    (a) Contacting a third party  and failing to identify themselves or state that the purpose of the call is confirm or collect location information;

    (b) Contacting a third party and stating that the consumer owes a debt;

    (c) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any purpose;

    (d) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

    (e) Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt.

    (f) Threatening to take any action that cannot be legally taken or that is not intended to be taken;

    (g) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

      (h) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

30.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law with the purpose of coercing Plaintiffs to pay the debt.

31.     As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiffs have suffered ascertainable losses entitling them to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

32.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs.

34.     Defendants intentionally caused harm to Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

35.     Plaintiffs had a reasonable expectation of privacy in her solitude, seclusion, and or private concerns or affairs.

36.     The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

37.     As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.


### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant for:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

## (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER

## PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

- for an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the defendants from continuing to communicate with Plaintiffs in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a)

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA, FCUEA and UTPCPL violations and invasions of privacy in an amount to be determined at trial;

- punitive damages from each and every Defendant for the malicious, intentional, willful, reckless, wanton and negligent violations of the FDCPA, FCUEA and UTPCPL and invasions of privacy in an amount to be determined at trial;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: May 25, 2007

**RAPA LAW OFFICE, P.C.**

By: _____s/jr1052_____

Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730

Attorney for Plaintiff